**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

RONNIE D. REDDEN,

        Plaintiff,

v.                                CIVIL ACTION NO.  5:05-cv-00389

WARDEN, MOUNT OLIVE CORRECTION
COMPLEX,

        Defendant.

**MEMORANDUM OPINION**

By Standing Order entered on July 21, 2004, and filed in this case on May 9, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge VanDervort filed his PF&R on September 7, 2006 [Docket 130].  In that filing, the magistrate judge recommended that this Court: (1) grant Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket 81]; (2) grant Plaintiff's Motion to Amend Complaint filed April 28, 2006 [Docket 100]; (3) deny Plaintiff's Motion to Amend Complaint filed August 4, 2006 [Docket 118]; and (4) remove this case from the Court's docket.  On February 9, 2007, Magistrate Judge VanDervort filed an Amended PF&R [Docket 154].  In that filing, the magistrate judge recommended that this Court: (1) confirm and accept the findings as set forth in the original PF&R; (2) grant Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket 81]; and (3) remove this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's original PF&R were due by September 22, 2006, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff timely filed objections to the original PF&R on September 13, 2006 [Docket 133]. Objections to Magistrate Judge VanDervort's Amended PF&R were due by February 27, 2007. Plaintiff timely filed objections to the Amended PF&R on February 20, 2006 [Docket 158].

## I.  BACKGROUND

The full factual and procedural history of this action is set forth in the original PF&R. Plaintiff is a prisoner in confinement at the Mount Olive Correctional Complex, a prison within the West Virginia Division of Corrections. In short, Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 based on his prison conditions and for denial of access to the prison's law library. Such claims are cognizable, however, only after a prisoner exhausts administrative remedies. 42 U.S.C. § 1997e(a).

A prisoner committed to the custody of the West Virginia Division of Corrections may seek review of complaints pursuant to Policy Directive 335.00. [Docket 82, Ex. C.] After reviewing the

record, Magistrate Judge VanDervort concluded that Plaintiff did not exhaust his administrative remedies prior to filing the instant action.[1]

## II.  OBJECTIONS TO PF&R

In his objections, Plaintiff does not dispute the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies.  Instead, Plaintiff claims that: (1) the administrative exhaustion requirements do "not apply to criminal acts"; and (2) the prison "hampered" him in exhausting his administrative remedies.

Plaintiff's first objection is inapposite because the instant action is not a criminal matter.  Rather, Plaintiff has filed his claims as civil matters pursuant to 42 U.S.C. § 1983.  This objection is, accordingly, **OVERRULED**.

Second, Plaintiff claims that the administrative exhaustion requirements should not apply because  "the lock-up time and loss of privileges hampered me from responding timely[.]"  Plaintiff does not, however, support this general statement with any specific facts regarding how the prison prevented him from exhausting his administrative remedies.  As noted above, however, Plaintiff did exhaust his administrative remedies with regard to his law library claim.  Obviously, then, the prison did not <u>prevent</u> Plaintiff from exhausting his administrative remedies.  Magistrate Judge VanDervort recommended dismissal of Plaintiff's law library claim because his administrative remedies were not exhausted prior to filing the instant action.  Thus, the issue is timing.  Clearly, if Plaintiff had

---

[1]  In the original PF&R, Magistrate Judge VanDervort concluded that because Plaintiff had not exhausted his administrative remedies for his prison conditions claim, his law library claim was barred under the "total exhaustion rule."  Magistrate Judge VanDervort filed an Amended PF&R following the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), to note that Plaintiff's prison conditions claim was also barred because he did not exhaust his administrative remedies for that claim prior to filing the instant action, as required by 42 U.S.C. § 1997e(a).

waited to file the instant action until after his administrative remedies had been exhausted, those claims would not need to be dismissed.  As Plaintiff is the master of his Complaint, his unsupported assertion that the prison prevented him from timely completing the exhaustion requirements is inapposite.   Therefore, Plaintiff's objection is **OVERRULED**.

Finally, the Court notes that Plaintiff makes the following claims in support of his objections: (1) the Court should be recused from his case for failure to issue subpoenas, (2) he should be provided with counsel, and (3) this case should be consolidated with another civil action he has filed in this District.  Clearly, these objections do not relate to the proposed finding regarding his failure to exhaust administrative remedies.   Therefore, these objections are **OVERRULED**.

### III.  AMENDMENTS TO COMPLAINT

Magistrate Judge VanDervort also made certain recommendations in his PF&R regarding Plaintiff's motions to amend his Complaint filed on April 28, 2006, and August 4, 2006.  In the first motion to amend, Plaintiff seeks to add a claim that the prison retaliated against him by sending his stereo to his mother, and then refusing to allow her to send it back.  According to the Declaration of Beverly Gandee filed in support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, Plaintiff has not exhausted this claim at the administrative level.  In the second motion to amend, Plaintiff alleges that his Constitutional rights are being violated, presumably by Defendant, in connection with his custody and child support hearing in Mercer County and his underlying criminal conviction.  According to the Declaration of Beverly Gandee, that claim has also not been administratively exhausted.

While motions for leave to amend pleadings are liberally granted under FED. R. CIV. P. 15(a), leave to amend may be denied on the basis of futility when the proposed amendment is "clearly

-4-

insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Because the claims contained in Plaintiff's motions to amend would be dismissed for failure to administratively exhaust prior to filing his 42 U.S.C. § 1983 claim, the proposed amendments are futile and the motions to amend are **DENIED**.

## *IV.  CONCLUSION*

Based on the above, the Court (1) **GRANTS** Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket 81]; (2) **DENIES** Plaintiff's motions to amend his Complaint [Dockets 100 & 118]; and (3) **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:        March 14, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE