IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RONNIE D. REDDEN,

           Plaintiff,

v.                                             CIVIL ACTION NO. 5:05-cv-00389

WARDEN, MOUNT OLIVE CORRECTION
COMPLEX,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are various post-judgment motions filed by Plaintiff [Dockets 182, 183, 186, 187, and 190]. For the reasons stated herein, the motions are **DENIED**.

*I. DISCUSSION*

Magistrate Judge VanDervort filed proposed findings and a recommendation ["PF&R"] on September 7, 2006 [Docket 130] and an Amended PF&R [Docket 154] on February 9, 2007 (collectively, the PF&R). In those filings, the magistrate judge recommended that this Court dismiss this matter brought under 28 U.S.C. § 1983 because Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. 1997e(a). Plaintiff's objected to the PF&R on the basis that Mount Olive Correctional Complex prevented him from exhausting his administrative remedies. On March 14, 2007, the Court entered a Memorandum Opinion and Judgment Order (Judgment), overruling the objection and dismissing the case because the record demonstrated that Plaintiff had not been prevented from exhausting his administrative remedies.

Following the Court's entry of the March 14, 2007 Judgment, Plaintiff has filed various motions in this closed matter. While the nature of Plaintiff's motions are not entirely clear, they each generally argue that the Court's March 14, 2007 Judgment was erroneous. Although Plaintiff's motions cite no rule of civil procedure, the Court construes the motions are requesting reconsideration of the Judgment.

According to Fed. R. Civ. P. 59(e), "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." None of the motions were filed within the 10-day limit of Rule 59(e), the earliest having been filed on April 2, 2007.

Alternatively, Rule 60(b) allows a district court to relieve a party from a final judgment, order, or proceeding for a variety of reasons. Rule 60(b)(1) allows for relief from judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. Under Rule 60(b)(2) a district court may relieve a party from judgment when newly discovered evidence is produced. Rule 60(b)(6) allows for relief from judgment for "any other reason justifying relief from the operation of the judgment." Motions that simply request that the district court change its mind are not authorized by Rule 60(b). *United States v. Williams*, 674 F.3d 310, 312-13 (4th Cir. 1982).

Plaintiff's motion filed on April 2, 2007 [Docket 182] asks that the Court review certain documents which allegedly support his objection to the PF&R that Mount Olive Correctional Complex prevented him from exhausting his administrative remedies. To the extent that these documents are "newly discovered evidence," Plaintiff has not demonstrated that this evidence "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P 60(b)(2). Nonetheless, the Court has reviewed Plaintiff's documents, and **FINDS** that they do not justify a vacation of the Court's Judgment.

The remaining motions request the following relief: (1) that Magistrate Judge VanDervort be recused from this matter [Docket 183]; (2) to have District Judge Faber decide this action [Docket 186]; (3) to have the Court review the record in this case [Docket 187]; and (4) to have the Court reconsider the issues previously raised by Plaintiff [Docket 190]. The Court **FINDS** that none of these motions state valid bases for vacation of the Court's Judgment under to Rule 60(b). Thus, the motions are **DENIED**.

## II. CONCLUSION

With regard to Plaintiff's continuing filings of frivolous letter-form motions in this closed matter, Plaintiff is wasting the Court's scarce judicial resources. Therefore, all future submissions from him in this case must be previewed to determine whether or not they may be filed with the Court. In particular, the Clerk shall receive-stamp all such submissions and then forward those documents to the undersigned for a merits preview. In the event that the submission is found potentially to have merit, it will be filed and disposed of by the Court in due course. In the event that the document is found to be without merit, the same will be returned, without comment, to Plaintiff.

The Clerk is directed to send copies of this Order to all counsel of record and any unrepresented party.

ENTER: February 29, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE